IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton J. Tooker, Jr., ) | C/A No. 0:20-3966-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] ) | |
| ) | ☐ Affirmed |
| Defendant. ) | ☒ Reversed and Remanded |
| ) | |

      This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒     Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  43

☒     Disability Insurance Benefits ("DIB"):  Date last insured:  December 31, 2022

☐     Other:

Application date:  December 14, 2017

Plaintiff's Year of Birth:  1974

Plaintiff's alleged onset date:  January 30, 2017

**Part II—Social Security Disability Generally**

      Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

      A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  March 11, 2020

In applying the requisite five-step sequential process, the ALJ found:

Step 1:  Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:  ☐ Plaintiff has the following severe impairments:

[D]epression and PTSD (post traumatic stress disorder) (20 CFR 404.1520(c) and 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:  ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:  Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  limited to Dictionary of Occupational Titles reasoning level 2 defined as apply commonsense understanding to carry out detailed but uninvolved written or oral instructions, deal with problems involving a few concrete variables in or from standardized situations.  The claimant is limited to only frequent interaction with the public.

☒ Plaintiff could return to his/her past relevant work as a stacker, lumb[e]r (DOT # 569.685-066) as it is generally performed.

Step 5:  ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ In addition to returning to his/her past relevant work, there are jobs in the national economy that Plaintiff can perform, as follows:

[H]and launderer (DOT. 361.[]684-014), medium, SVP 2, reasoning level 2, with 214,000 jobs in the national economy; marker (DOT. 369.687-026), medium, SVP 2, reasoning level 2, with 434,000 jobs in the national economy; and folder (DOT. 789.687-058), light, SVP 2, reasoning level 2, with 219,000 jobs in the national economy.

Date of Appeals Council decision:  October 15, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether

the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

**A. Medical opinion evidence.** The ALJ found the medical opinions of Amanda Cleveland, Ph.D. and Alfred Ebert, MD, unpersuasive giving reasons that were not supported by the evidence and thus, erroneously concluded that their opinions were inconsistent with or unsupported by the record. Should an ALJ's decision be reversed when the ALJ does not adequately articulate how he evaluated medical opinions?

**B. Incomplete and unexplained RFC.** The ALJ accepted that Tooker is moderately limited in his ability to interact with others, but only accounts for his limitation in interacting with the public in the RFC. Does substantial evidence support an incomplete and unexplained RFC?

(Pl.'s Br. at 1, ECF No. 19 at 5.)

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for disposition.**

**Summary of Reasons**

Plaintiff challenges the ALJ's evaluation of the opinion evidence from his consultative examiner, Dr. Amanda Cleveland, and from his treating psychiatrist, Dr. Alfred Ebert. The federal regulations were amended effective March 27, 2017 with regard to applications filed on or after March 27, 2017 to rescind the provision that a treating physician's opinion must be accorded controlling weight in certain circumstances. However, although the new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources," the ALJ is still directed to weigh them

pursuant to the same factors previously provided for weighing opinion evidence. See 20 C.F.R. §§ 404.1520c, 416.920c. The ALJs are instructed to consider and evaluate the persuasiveness of the opinion evidence considering supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion. Id. Supportability and consistency are the most important factors to consider, and an ALJ must explain how these factors are considered.[2] The ALJ may, but is not required to, explain how the other factors are considered. Id.

Although a treating physician's opinion is no longer entitled to controlling weight, the ALJ's reasons for finding the opinion of a medical source unpersuasive still must be supported by substantial evidence. The United States Court of Appeals for the Fourth Circuit has repeatedly stated that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); see also Arakas v. Comm'r, 983 F.3d 83, 98 (4th Cir. 2020). Moreover, an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion." Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)); see also SSR 96-8p. Similarly, remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated. Mascio, 780 F.3d 636-37. The ALJ must

---

[2] "Supportability" denotes "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5853, 2017 WL 168819 (Jan. 18, 2017); see also 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. at 5853; see also 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

"build an accurate and logical bridge from the evidence to his conclusions." Monroe, 826 F.3d at 189.

As stated above, although a treating physician's opinion no longer must be given controlling weight, an evaluation of the persuasiveness of any medical opinion must nevertheless be supported by substantial evidence. A recent case from the United States Court of Appeals for the Fourth Circuit, Arakas v. Commissioner, 983 F.3d 83, 98 (4th Cir. 2020), is instructive. Although the Arakas Court was applying the former regulations and the so-called Treating Physician Rule, it illustrates when an ALJ's decision should be considered unsupported by substantial evidence. Cherry-picking the records to accept only evidence that weighs against a finding of disability is not permitted, and specious inconsistencies cannot reasonably support a rejection of medical opinions or other evidence. Also, while statements on issues reserved to the Commissioner—for example, whether a plaintiff is disabled—are "inherently neither valuable nor persuasive," 20 C.F.R. §§ 404.1520b, 416.920b, where such an opinion also includes functional limitations rising to the level of a medical opinion pursuant to 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2), it must be considered. See 20 C.F.R. §§ 404.1520c, 416.920c.

Plaintiff argues that the ALJ's evaluation of the opinion evidence is not supported by substantial evidence. Plaintiff asserts that the ALJ failed to sufficiently explain how the opinions of Dr. Cleveland and Dr. Ebert were inconsistent with the medical evidence as a whole or how they were unsupported by the longitudinal treatment records. These opinions included limitations that exceed those found by the ALJ.

> With regard to Dr. Cleveland's opinions, the ALJ found as follows:
>
> The findings of consultative examiner Dr. Cleveland are not persuasive (Exhibit B4F). Dr. Cleveland opined that the claimant would be unable to interact with the public or persist in work related activities at reasonable level. She opined that claimant is unable to hold a goal directed conversation. These findings are not

persuasive as they are not consistent with the medical evidence as a whole and do not support nor reflect the longitudinal treating records (Exhibit B9F). Dr. Cleveland did not have the benefit of claimant's chart, (B4F/1) specifically Dr. Ebert's repeated assessment of B criteria within normal limits in the treating chart described above, she only met the claimant once, largely just reported what he said, and did not chart any objective mental status exam results. For example, Dr. Cleveland wrote at B4F/3:

> Currently he is not able to hold a normal goal-directed conversation. He experiences hallucinations and delusions. He would not be able to interact with the public or persist in work related activities at a reasonable pace[.] As stated previously, he was not able to follow the simple instructions to get to this examiner[']s office and he was unable to remember how to get out of the building on his own.

The actual treating chart undermines this assessment at B7F/2:

> **Psychiatric**
> Appearance: WNL; Attitude: Guarded; Behavior: Calm; Eye Contact: Avoidant; Speech: Normal for Client, articulate; Associations: Intact; Thought Process: Logical/Goal Directed; Delusions: Persecutory, paranoia; Suicidal Ideation: Denies; Homicidal Ideation: Denies; Obsessions: Denies; Hallucinations: Auditory, visual; Mood: Euthymic, anxious; Affect: Appropriate; Sensorium: Alert; Oriented: Person: Recent Memory: Intact: Remote Memory: Mild Impairment; Attention: Intact; Concentration: Intact; Language: Average: Judgment: Fair; Insight: Fair; Fund of Knowledge: Average;

(Tr. 20.) Plaintiff challenges each of the reasons offered by the ALJ in finding this opinion not persuasive.

First, as argued by Plaintiff, the ALJ states in a conclusory fashion that Dr. Cleveland's opinions that Plaintiff "would be unable to interact with the public or persist in work related activities at reasonable level" and "unable to hold a goal directed conversation" "are not consistent with the medical evidence as a whole and do not support nor reflect the longitudinal treating records (Exhibit B9F)." (Tr. 20.) The ALJ fails to specify which records do not support Dr. Cleveland's opinions, and in fact, appears to cite records directly supporting the doctor's opinion. Dr. Cleveland offered as explanation for her opinions that Plaintiff experiences hallucinations and delusions, he was unable to follow simple instructions to find the office, and he could not remember how to get out of the building.

Further, discounting a psychological opinion based only on the fact that the psychologist relied on the claimant's subjective reports has been held to be improper, as psychological evaluations necessarily include consideration of a patient's subjective reports and symptoms. See Hare v. Astrue, No. 7:08-CV-36-FL, 2009 WL 873993, at *3 (E.D.N.C. Mar. 24, 2009) ("On one level, plaintiff is obviously correct that a psychiatrist must base his or her findings on the subjective reports of a patient. Psychology and psychiatry necessarily rely on such subjective reports because the types of disorders they deal with are not usually susceptible to direct physical observation as in other medical arenas"); cf. Aurand v. Colvin, 654 F. App'x 831, 837 (7th Cir. 2016) ("But a psychological assessment is by necessity based on the patient's report of symptoms and responses to questioning; there is no blood test for bipolar disorder.").

As to Dr. Ebert's opinions, the ALJ stated the following:

> The medical source statement completed by Al Ebert, M.D. in December 2018 is not persuasive (Exhibit B8F). Dr. Ebert opined that the claimant could not function independently. He opined that the claimant could rarely maintain attention and rarely interact with supervisors. Dr. Ebert opined that the claimant could only occasionally carry out simple instructions. He concluded that the claimant's mental impairments interfered with his ability to complete an eight-hour workday and he would likely miss more than four days of work each month.
>
> Dr. Ebert's medical source statement is not persuasive as it is inconsistent with his treatment notes (Exhibits B9F and B11F). Dr. Ebert's July 2019 treatment notes indicate that the claimant's thought process, judgment, insight, and fund of knowledge are within normal limits (Exhibit B9F). The claimant was described as alert and oriented. Treatment records note that the claimant indicated that his medication helped some. In September 2019, the claimant demonstrated normal speech with no more than mild memory impairment. Both attention and concentration were classified as intact. As of January 2020 the claimant continued to demonstrate good insight and judgment (Exhibit B11F). Accordingly, Dr. Ebert's December 2018 medical source statement is not persuasive and must be rejected in its entirety.
>
> Dr. Ebert's December 2019 medical source statement is not persuasive (Exhibit B10F). Dr. Ebert's findings indicate an inability to consistently perform and understand simple instructions for an eight-hour day on a consistent basis. These

> findings are inconsistent with Dr. Ebert's treatment notes that indicate greater functioning (Exhibit B11F).
>
> Dr. Ebert also charted a conclusion which does not meet the specificity and articulation requirements of a medical opinion but is nonetheless rejected as not persuasive at 11F/2:
>
> **Other Comments**
>> Pl clearly has persistent severe mental illness which keeps him from working any job for any length of time, and deserves full permanent disability.
>
> Accordingly, *none* of Dr. Ebert's medical opinions, which are not used for medical care, are persuasive, while his treating chart, *actually used for psychiatric care*, is generally well supported.

(Tr. 20-21.)

As pointed out by Plaintiff, in considering Dr. Ebert's opinions, the ALJ appears to have cherrypicked the evidence and ignored records supporting Dr. Ebert's opinions. See Lewis, 858 F.3d at 869 ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (citation omitted); see also Arakas, 983 F.3d at 98. For example, the ALJ points to records indicating Plaintiff's thought process, judgment, insight, and fund of knowledge were within normal limits; he was alert and oriented; a report that Plaintiff's medication helped some; an instance where Plaintiff demonstrated normal speech with no more than mild memory impairment and intact attention and concentration; and good insight and judgment. (Tr. 20.) However, the ALJ does not acknowledge that the records also document, for example, (1) Plaintiff feeling anxious; not feeling like his medications are helping despite compliance; hearing voices that he cannot understand and seeing people, "just weird people"; and exhibiting avoidant eye contact (Tr. 407); (2) Plaintiff's attitude is guarded; eye contact is avoidant; thought process is logical/goal directed, incoherent; delusions are "persecutory, reference, paranoia and special thinking"; hallucinations are "[a]uditory, visual, some voices and ghosts"; and concentration and

attention has a mild impairment (Tr. 403); and (3) Plaintiff's report that although the medications help some, he "sometimes see[s] bubbles, like talking to him" and he still gets shadows that bother him at times. (Tr. 399.) These records arguably support Dr. Ebert's opinions. Since it is unclear if the ALJ considered records that demonstrate ongoing limitations, the court cannot say that the ALJ's opinion is supported by substantial evidence.[3] See Testamark v. Berryhill, 736 F. App'x 395, 398-99 (4th Cir. 2018) (noting that symptoms of mental illness may wax and wane over the course of treatment).

Thus, it is unclear from the ALJ's discussion how these medical opinions are unsupported or inconsistent with the record. Moreover, the court observes that the other factors would apparently weigh in favor of these opinions, as they are from the only examining sources in the record, the doctors are specialists, and Dr. Ebert has a treatment relationship with Plaintiff. Accordingly, the ALJ has failed to explain how the evidence supports his conclusion and meaningful review is frustrated. See Monroe, 826 F.3d at 190; Mascio, 780 F.3d 636-37. Therefore, the court is constrained to remand this matter for further consideration of the opinion evidence.

In light of the court's decision to remand for further consideration, the court need not address Plaintiff's remaining argument, as it may be rendered moot on remand. See Boone v.

---

[3] The Commissioner has offered additional reasons that the ALJ could have offered to find these opinions not persuasive; however, such reasoning was not offered by the ALJ. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2005) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.")).

Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present his remaining argument on remand.

## ORDER

It is hereby ORDERED that the Commissioner's decision is:

☐     **Affirmed.** Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.

☒     **Reversed and remanded** pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.

☐     **Reversed and remanded** for an award of benefits.

**IT IS SO ORDERED.**

_____
February 9, 2022                                  Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE